G. Thomas Martin, III, Esq. (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
tmartin@consumerlawcenter.com

Attorneys for Plaintiff, CRISTINA BERRIOS

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| CRISTINA BERRIOS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NCO FINANCIAL SYSTEMS, INC,<br><br>　　　　　Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

COMES NOW the Plaintiff, CRISTINA BERRIOS ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NCO FINANCIAL SYSTEMS, INC. alleges and affirmatively states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant maintains a business office and conducts business in the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in East Providence, Rhode Island and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant called Plaintiff at 401-952-9545.

14. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

15. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

16. Defendant failed to meaningfully disclose its identity.

17. Defendant failed to identify itself as a debt collector in subsequent communications.

18. Defendant was rude and abusive to Plaintiff and hung up on her 3 times in a row when Plaintiff attempted to schedule a payment with Defendant.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

20. Defendant violated the FDCPA based on the following:

   a. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector

   d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

21. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit "A").

- 4 -

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Declaratory judgment that the Defendant's conduct violated the FDCPA.

23. Actual damages.

24. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  August 18, 2009                    KROHN & MOSS, LTD.


By: /s/  G. Thomas Martin, III

G. Thomas Martin, III
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CRISTINA BERRIOS, hereby demands trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF RHODE ISLAND

Plaintiff, CRISTINA BERRIOS, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CRISTINA BERRIOS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 7/20/09                              _____

                                            CRISTINA BERRIOS, PLAINTIFF

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/20/09

_____
Signed Name

Cristina Berrios
Printed Name